UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVEIN JUMEL COKE,

                Petitioner,

   v.

PAMELA BONDI, *et al.*,

                Respondents.

Case No. C26-71-MLP

ORDER PROVISIONALLY
GRANTING EMERGENCY MOTION

This matter is before the Court on Petitioner Javein Jumel Coke's Emergency Motion for Order Preventing Transfer During Pendency of Petition. (Mot. (dkt. # 10).) Petitioner requests the Court issue an order preventing Respondents from removing him from this jurisdiction before his habeas petition is adjudicated. (*Id.* at 1-2; dkt. # 10-7.) Having reviewed the motion and the relevant record, the Court PROVISIONALLY GRANTS the Motion (dkt. # 10), pending a response from Respondents.

Petitioner, a citizen of Jamaica, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Petitioner has been granted deferral of removal to Jamaica under the Convention Against Torture. (Dkt. # 1 at 6.)

At 2:17 p.m. on January 13, 2026, Respondents filed a notice of intent to remove, asserting that ICE "intends to remove Petitioner to Mexico." (Dkt. # 9.) Respondents further advised that "it may be necessary to first transfer Petitioner to another facility outside this jurisdiction in order to facilitate the removal process." (*Id.*) Respondents provided no indication of when removal was planned, but asserted "ICE will not remove Petitioner from this District sooner than 48 hours from the notice it provided to counsel" at 10:29 a.m. on January 13, 2026. (*Id.*) After receiving notice, Petitioner's counsel asked Respondents for any travel documents for Mexico and was informed they were unnecessary for removal by land to Mexico. (Mot. at 1-2.)

On January 14, 2026, Petitioner filed the instant emergency Motion after contacting Respondents and confirming that they opposed it. (Mot. at 5, Ex. 1 (dkt. # 10-1).) Petitioner contends removal from this district will interfere with his access to counsel and ability to participate in the proceedings. (*Id.* at 1.) Petitioner provides declarations evidencing Mexico's policy not to take deportees who refuse to go willingly to Mexico. (*Id.*, Exs. 2-6 (dkt. ## 10-2 to 10-6).)

Removing Petitioner from this District and this country would have significant ramifications for the pending habeas petition. The Court may grant an emergency motion to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is

ORDER PROVISIONALLY GRANTING
EMERGENCY MOTION - 2

necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

Accordingly, the Court ORDERS as follows:

(1) Plaintiff's Motion (dkt. # 10) is PROVISIONALLY GRANTED, pending Respondents' response to the Motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

(2) Respondents are PROHIBITED from removing Plaintiff from either the United States or this jurisdiction, without further order of the Court.

(3) Respondents have up to and including **January 20, 2026**, to file a response to the Motion. Petitioner has up to and including **January 23, 2026**, to file a reply.

Dated this 14th day of January, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge