1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    JAVEIN JUMEL COKE,

9                     Petitioner,

10          v.

11   PAMELA BONDI, *et al.*,

12                     Respondents.

13

Case No. C26-71-MLP

ORDER GRANTING HABEAS
PETITION

14          Petitioner Javein Jumel Coke is currently detained by U.S. Immigration and Customs

15   Enforcement ("ICE") at the Northwest ICE Processing Center. Through counsel, he has filed a

16   petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. (Dkt.

17   # 1.) Petitioner asserts that he is entitled to release because removal to his country of citizenship

18   is not reasonably foreseeable and his continued detention is therefore in violation of *Zadvydas v.*

19   *Davis*, 533 U.S. 678 (2001). Petitioner further seeks an order prohibiting Respondents from

20   removing him to a third country without notice and an opportunity to be heard and barring third-

21   country removal for punitive reasons. Respondents have filed a return (dkt. # 13) and Petitioner

22   has filed a reply (dkt. # 16). Having reviewed the parties' submissions and the governing law, the

23

ORDER GRANTING HABEAS PETITION - 1

1   Court GRANTS in part Petitioner's habeas petition (dkt. # 1). Petitioner's motion for emergency

2   relief (dkt. # 10) is DENIED as moot.

3                              **I.      BACKGROUND**

4          Petitioner, a citizen of Jamaica, entered the United States in July 2008 on a nonimmigrant

5   visa. (Benjamin Decl. (dkt. # 14), ¶ 4.) In January 2023, he was convicted and sentenced for

6   aggravated identify theft and, following his release on April 23, 2024, was taken into ICE

7   custody. (*Id.*, ¶¶ 7-8.) He was served with a Notice to Appear charging him as removable under 8

8   U.S.C. § 1227(a)(1)(B) for overstaying his visa. (*Id.*, ¶ 8; Wong Decl. (dkt. # 15), Ex. 2 (dkt.

9   # 15-2) at 2.)

10         On October 23, 2024, an Immigration Judge entered an order of removal but granted

11  deferral of removal to Jamaica under the Convention Against Torture. (Benjamin Decl., ¶ 9;

12  Wong Decl., Ex. 3 (dkt. # 15-3).) The Board of Immigration Appeals dismissed the

13  government's appeal, and the removal order became administratively final on June 23, 2025.

14  (Benjamin Decl., ¶ 10; Wong Decl., Ex. 4 (dkt. # 15-4).)

15         Petitioner filed his habeas petition on January 7, 2026. (Dkt. # 1.) The Court entered a

16  scheduling order that also required Respondents to provide Petitioner and his counsel at least 48

17  hours' notice prior to moving him out of this judicial district. (Dkt. # 6 at 2.)

18         On January 13, 2026, at 9:03 a.m., Respondents provided Petitioner written notice that

19  ICE intended to remove him to Mexico. (Wong Decl., Ex. 6 (dkt. # 15-6).) At 10:29 a.m.,

20  Respondents emailed Petitioner's counsel to provide "48-hour notice concerning [Petitioner's]

21  removal to Mexico." (Dkt. # 10-1 at 2-3.) That afternoon, Respondents filed with the Court a

22  notice of intent to remove Petitioner to Mexico. (Dkt. # 9.) On January 14, 2026, Petitioner filed

23  an emergency motion for an order preventing transfer out of this jurisdiction during the pendency

1    of his petition. (Dkt. # 10.) The Court provisionally granted the requested relief pending briefing

2    on the emergency motion. (Dkt. # 12.)

3         On January 20, 2026, Respondents filed a return, supported by declarations, that

4    addressed both the emergency motion and the petition. (Dkt. # 13 at 1.) On January 23, Petitioner

5    filed a traverse, supported by declarations, that also addressed both matters. (Dkt. # 16 at 2, 12.)

6    Because this Order disposes of Petitioner's habeas petition and the emergency motion sought

7    relief only during the pendency of the petition, the Court denies the emergency motion as moot.

8                              **II.    DISCUSSION**

9         **A.    Indefinite Detention**

10        Title 8 U.S.C. § 1231 governs the detention of noncitizens, like Petitioner, who have been

11   ordered removed. Under § 1231(a), the government must detain a noncitizen during the 90-day

12   "removal period." 8 U.S.C. §§ 1231(a)(1)(A), (a)(2). Here, the removal period began on June 23,

13   2025, the date Petitioner's removal order became final, and expired on September 21, 2025. 8

14   U.S.C. § 1231(a)(1)(B)(i).

15        After the removal period expires, the government may exercise its discretion to release

16   under supervision or to continue to detain certain noncitizens, including those with certain

17   convictions, nonimmigrant status violators, or those determined to be a risk to the community or

18   unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The parties do not dispute

19   that § 1231(a)(6) applies here.

20        Although § 1231(a)(6) authorizes ICE to detain Petitioner, it cannot do so indefinitely. In

21   *Zadvydas*, the Supreme Court held that this provision implicitly limits detention to a period

22   reasonably necessary to effect removal and does not permit "indefinite" detention. 533 U.S. at

23   701. The Supreme Court established that detention is "presumptively reasonable" for six months

1 | following entry of a final removal order. *Id*. After six months, if the noncitizen provides "good

2 | reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

3 | future," the government must rebut that showing with evidence. *Id*. If it fails to do so, the

4 | noncitizen is entitled to habeas relief. *Id*.

5 |      The six-month presumption is not a strict deadline; a noncitizen may be detained beyond

6 | six months if removal remains likely. *Zadvydas*, 533 U.S. at 701. Nevertheless, "for detention to

7 | remain reasonable, as the period of prior postremoval confinement grows, what counts as the

8 | 'reasonably foreseeable future' conversely would have to shrink." *Id*.

9 |      Petitioner has been detained during the approximately seven months since his removal

10 | order became final. He has therefore been detained beyond the six-month period that is

11 | "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Petitioner then bears the initial burden

12 | to show good reason to believe there is no significant likelihood of removal.

13 |      Petitioner asserts removal is not reasonably foreseeable. There is no dispute that he

14 | cannot be removed to Jamaica because he has been granted deferral of removal. (*See* dkt. # 13 at

15 | 13.) Petitioner contends there is no likelihood of removal to Mexico, the only other country ICE

16 | has identified, because Mexico does not accept non-Mexican deportees who, like him, are

17 | unwilling to go. (Dkt. # 16 at 4-5, 13.) Petitioner provides a declaration from an ICE officer,

18 | filed in another case, stating that Mexico will not accept deportees against their will. (Ruiz Decl.

19 | (dkt. # 10-4), ¶ 7.) In another declaration, an ICE officer describes an unsuccessful attempt to

20 | remove a deportee to Mexico even though Mexico previously confirmed its acceptance of the

21 | individual. (Parsons Decl. (dkt. # 102), ¶¶ 8, 12.) The deportee was driven to the Mexican border

22 | but was not removed because he refused to go willingly. (*Id.*, ¶ 11.) Petitioner also provides a

23 | declaration from a federal defender in San Diego who has spoken with "dozens" of deportees

ORDER GRANTING HABEAS PETITION - 4

1  who were driven to the Mexican border and, after expressing unwillingness to enter Mexico,

2  were returned to ICE detention. (Lopez Decl. (dkt. # 10-3), ¶¶ 2-4.) In short, Petitioner has

3  shown good reason to believe that there is no significant likelihood of removal to Mexico in the

4  reasonably foreseeable future. No other country has been identified for removal.

5       Accordingly, the burden shifts to Respondents to rebut Petitioner's showing with

6  evidence. Respondents assert that Petitioner will be removed to Mexico, but they do not respond

7  to or acknowledge the evidence he has provided. (Dkt. # 13 at 12-13.) "Courts in this circuit have

8  regularly refused to find Respondents' burden met where Respondents have offered little more

9  than generalizations regarding the likelihood that removal will occur." *Nguyen v. Scott*, 796 F.

10 Supp. 3d 703, 725 (W.D. Wash. 2025). Respondents have not rebutted Petitioner's evidence, and

11 habeas relief is thus warranted with respect to his indefinite detention claim.

12       **B.    Third Country Removal**

13      Petitioner asserts in his Petition two claims relating to his possible removal to a third

14 country. (Dkt. # 1 at 18-21.) Petitioner requests in relation to these claims that this Court: (1)

15 order that Respondents may not remove him to a third country "without notice and meaningful

16 opportunity to respond . . . in reopened removal proceedings"; and (2) order that Respondents

17 may not remove him to any third country "because Respondents' third-country removal program

18 seeks to impose unconstitutional punishment on its subjects, including imprisonment and other

19 forms of harm[.]" (*Id.* at 22.)

20           *1.    Ability to Seek Relief*

21      Respondents argue that the Court should reject Petitioner's requests for relief relating to

22 his third country removal claims because he is a member of the certified class in *D.V.D. v. U.S.*

23 *Dep't of Homeland Security*, Case No. C25-10676 (D. Mass.), and bound by the Supreme

ORDER GRANTING HABEAS PETITION - 5

1    Court's stay of the preliminary injunction entered in that case. (Dkt. # 13 at 14.) Respondents

2    contend the Court should exercise its discretion, as a matter of comity, to dismiss Petitioner's

3    claims that are duplicative of the class action claims. (*Id.* at 14-15.)

4          Respondents have raised in several prior cases the argument that the stay in *D.V.D.* bars

5    petitioners from seeking individual relief from third-country removal, and courts in this district

6    have consistently rejected the argument. *See Nguyen*, 796 F. Supp. 3d at 729-32; *Baltodano v.*

7    *Bondi*, 2025 WL 3484769, at *2-3 (W.D. Wash. Dec. 4, 2025); *Abubaka v. Bondi*, 2025 WL

8    3204369, at *2 (W. D. Wash. Nov. 17, 2025). This Court, as did the courts in *Baltodano* and

9    *Abubaka*, adopts the *Nguyen* court's analysis of this issue and its findings that (1) "The class

10   certification order in *D.V.D.* does not prevent this Court from adjudicating Petitioner's claims

11   regarding third-country removal," and (2) absent "clear guidance from the Supreme Court,"

12   which the emergency docket order in *D.V.D.* does not provide, this Court must follow well-

13   established Ninth Circuit precedent. *Nguyen*, 796 F. Supp. 3d at 729-32. The Court declines to

14   exercise its discretion to dismiss Petitioner's claims. *See Pride v. Correa*, 719 F.3d 1130, 1137

15   (9th Cir. 2013) (rejecting defendants' "argument that a discrete, individual claim for injunctive

16   relief may be delayed because a pending class action seeks systemic reform relating to the same

17   general subject matter.").

18          *2.     Due Process*

19          Petitioner argues that, prior to any third-country removal, he must be afforded notice and

20   an opportunity to be heard, and he asserts that ICE's current third-country removal policy

21   violates due process and relevant statutes and regulations because it "directs ICE agents to

22   remove individuals to third countries without any notice or process at all where diplomatic

23

ORDER GRANTING HABEAS PETITION - 6

1    assurances are received and, where no diplomatic assurances are received, to provide flagrantly

2    insufficient notice (6-24 hours) and opportunity to respond[.]" (Dkt. # 1 at 18.)

3         Respondents argue that ICE policy provides for notice and an opportunity to be heard,

4    which it provided Petitioner here. (Dkt. # 13 at 7, 13.) Respondents provided Petitioner 48 hours'

5    notice, and it is unclear that they would have provided that notice in the absence of the Court's

6    order so requiring.

7         A number of courts in this district have addressed challenges to ICE's current third-

8    country removal policy and have concluded that the policy violates due process.[1] *See Baltodano*,

9    2025 WL 3484769, at *6; *Abubaka*, 2025 WL 3204369, at *6; *see also Nguyen*, 796 F.3d at 727-

10   29. In reaching these conclusions, the courts have relied on an earlier decision from this district,

11   *Aden v. Nielsen*, 409 F. Supp. 3d 998 (W.D. Wash. 2019).

12        In *Aden*, the court held that a "noncitizen must be given sufficient notice of a country of

13   deportation that, given his capacities and circumstances, he would have a reasonable opportunity

14   to raise and pursue his claim for withholding of deportation." 409 F. Supp. 3d 998, 1009 (W.D.

15   Wash. 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)). Relying on both the due

16   process requirement that a petitioner be afforded "a full and fair hearing, an impartial

17   decisionmaker, and evaluation of the merits of his or her particular claim," and on the statutory

18   requirements of § 1231, the *Aden* court held that in the context of a third-country removal,

19   "[g]iving petitioner an opportunity to file a motion to reopen [his removal proceedings] . . . is not

20   an adequate substitute for the process that is due in these circumstances." *Id.* at 1010 (citations

21   omitted). Rather, the court concluded, the removal proceedings must be reopened so that a

22   hearing may be held. *Id.* at 1011. In *Nguyen*, the court noted that "[t]he requirements set forth in

23

---

[1]  The current policy has not been provided to the Court in this action except via a hyperlink (*see* dkt. # 13 at 6-7), but it is set forth in the *Nguyen* court's opinion. *See Nguyen*, 796 F. Supp. 3d at 728.

ORDER GRANTING HABEAS PETITION - 7

1  *Aden* flow directly from binding Ninth Circuit precedent about due process protections before

2  removal to a third country[,]" and held that ICE's current policy governing third-country

3  removals "contravenes Ninth Circuit law." 796 F. Supp. 3d at 727-28.

4      The Court finds no basis to deviate from the reasoning in *Baltodano*, *Abukaka*, and

5  *Nguyen*, and applies the same reasoning here. The Court therefore concludes that Petitioner is

6  entitled to the requested relief prohibiting Respondents from removing him to a third country

7  without notice and a meaningful opportunity to be heard in reopened removal proceedings.

8          3.      *Punitive Nature of Removal Policy*

9      Petitioner further asks the Court to categorically prohibit his removal to any third country

10 on the ground that Respondents' third-country removal program is unconstitutionally punitive in

11 all applications. (Dkt. # 1 at 22.) On the present record, the Court declines to make such a broad

12 ruling. The relief granted in this Order requiring notice and a meaningful opportunity to be heard

13 will allow Petitioner to challenge any particular proposed third-country removal where he can

14 show a risk of imprisonment or other serious harm, and nothing in this Order prevents him from

15 pursuing additional relief if warranted by future events.

16                      **III.    CONCLUSION**

17     Based on the foregoing, the Court ORDERS:

18     (1)     Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED in part.

19 Respondents shall immediately release Petitioner from custody subject to reasonable conditions

20 of supervision;

21     (2)     Within **two (2) business days**, Respondents shall file a notice with the Court

22 confirming his release;

23

ORDER GRANTING HABEAS PETITION - 8

(3)     Respondents are prohibited from removing or attempting to remove Petitioner to any third country without providing Petitioner and his counsel, if any, at least **ten (10) days'** written notice identifying the proposed country of removal and affording Petitioner a meaningful opportunity to be heard in reopened removal proceedings before an immigration judge, including the opportunity to seek any available protection or relief; and

(4)     Petitioner's motion for emergency relief (dkt. # 10) is DENIED as moot.

Dated this 28th day of January, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION - 9